## Case No. 4,887.

### The FLORIDA.

[4 Ben. 452.] [1]

District Court, S. D. New York. Jan., 1871.

H. E. Davies, Jr., Asst. Dist. Atty. and J. B. Craig, for the United States.

Beebe, Donohue & Cooke, for claimant.

## Case No. 4,888.

### The FLORIDA.

[Blatchf. Pr. Cas. 327.] [1]

District Court, S. D. New York. Feb. 26, 1863.

BETTS, District Judge. The libel charges that this vessel and cargo were captured as prize by the United States vessel-of-war Matthew Vassar January 11, 1863, at sea, near Little River inlet, off the coast of South Carolina. The prize was arrested in this port, in the hands of the prize commissioners, by the marshal, on process of attachment and

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Samuel Blatchford, Esq.]

monition, February 2, 1863, and his return of the process, with certificate of due service and of public notice, was made and filed in court February 24, thereafter; whereupon, on motion of the district attorney, a decree of default was rendered against the prize and all persons interested therein.

The proofs returned by the prize commissioners consist of depositions in preparatorio, given by the master and the mate of the vessel, and also the ship's papers found on board of her at the time of her capture, identified by the testimony of the prize-master.

The vessel, when arrested, was carrying the British flag, and had a certificate of British registry, dated at Nassau, N. P., December 4, 1862, to R. N. Menendez, of that place, indorsed January 2, 1863, as transferred to H. R. Saunders, of that place, merchant. The clearance was for Beaufort, N. C., then an open port, and the vessel was arrested while running into Little River inlet, a blockaded port on the North Carolina coast. The master testifies that he was the owner of the vessel and of all the cargo; that he bought the vessel in Nassau from the firm of Sawyer & Menendez, in December, 1862, and she was delivered to him there by one of that firm; that he is a native of North Carolina, and resident in that state, from which he came to Nassau the same month; that he knew that the ports of North Carolina were under blockade, and that the one he was attempting to enter was so at the time of the capture; that his real voyage was from Nassau to any port of North Carolina he could get into, and thence back to Nassau; and that the vessel was American-built.

It is unnecessary to pursue the detail of testimony further. The adventure was a flagrant, undisguised effort to break the blockade and carry on an illicit trade with the enemy, with property belonging wholly to an enemy, and under papers representing a false destination and a false ownership of the vessel.

A decree of condemnation and forfeiture of the vessel and cargo is ordered to be entered.